May it please the court, I am Lisa Peters with the Federal Defender's Office, Eastern District of Arkansas. I also have Sylvia Talley with me at the council table. Ms. Talley is the brief writer, she's the appellate attorney in our office, and hopefully one day soon she'll be coming up here to do these oral arguments. Your Honor, in this case, your honors, in this case, our argument is that the district court erred when it determined that Mr. McDonald was not eligible for reduction under the First Step Act of 2018. And the court based that decision on its determination that Mr. McDonald was not convicted of a covered offense. Mr. McDonald was convicted of cocaine, I believe is what the district court held. Under the First Step Act of 2018, it determined that a person would be eligible for reduction if the statutory penalties had been modified for certain covered offenses that had occurred before August of 2010. What the court failed to realize is that Mr. McDonald, in count 39, I believe is the relevant count that we're speaking of here, count 39, the offense of conviction was an offense of distribution of cocaine base. Cocaine base is the offense that was reduced by the Fair Sentencing Act of 2010, and the First Step Act of 2018 made that covered offense retroactive to those people who were sentenced before August of 2010. Is it true that the guideline range would remain the same even though the statutory minimum and maximum changed for him? The guideline range back in 2016 was 360, I believe, to life, your honor. Now the statutory penalties, instead of 10 years to life, Mr. McDonald is facing 5 years to 40. So it would change from life to 40. So it's 360 to 40 now instead of 360 to life? No, your honor. Actually, the guideline range is not, you're not prohibited from going below that guideline range now. You can only go from 5 to 40, but you're not required to stop at that 360. But is that the range, though? That would be the calculated range, though? Yes, your honor. Can I ask you about what you just said? Because that's the one thing that's troubling me about the case. Let's assume you're right about the eligibility issue. Under the Fair Sentencing Act, the Act specifically said that the judge had to follow the policy statements of the guidelines, which normally you don't. We all know now the guidelines are only advisory. But they specifically said you had to follow the policy statement. The policy statement said you could not go below the bottom of the range. So 360 was the lowest that the court could go under the Fair Sentencing Act, right? Initially, yes, your honor. So what is it that now gives the court, what is it in the First Step Act that eliminates that provision that says the court cannot go below the bottom of the guideline range, which is 360? The First Step Act dealt with the statutory range, your honor. And because the guidelines are no longer, of course, as the court said, the guidelines are advisory, it does not prohibit it. So your response would be, and I think that's the way you have to read it, is that Fair Sentencing Act set a limit, which was the bottom of the guideline range. First Step Act not only changed the range, but it includes no limit. Yes, your honor. And if it had intended to include a limit, it would have said so. It did not say anything about inclusion of a limit to the guideline range. The guideline range is, and in several cases, the reductions have been done, your honor, below the guideline range. And there's been no argument by the government except possibly to say, well, because of the defendant's behavior, he or she should not have gotten that reduction. But there is no prohibition legally under the First Step Act in the court not being allowed to go below that guideline range. What's your argument in response to the primary argument made by the government, which is, you know what? This 30 years is within the 5 to 40 years of the new range, so let's let it be. We can't let it be, your honor. The district court, first of all, the First Step Act requires that the court have a merit-based decision. The district court did not even get to that point. The district court only said, oh, he's not eligible because it was cocaine, not cocaine-based, which is an error based on the First Step Act, which deals with the covered offense, the actual conduct of, excuse me, the actual offense of conviction. The actual offense of conviction is cocaine-based. That's the farthest we've gotten. Those are arguments that should be made to the district court when, hopefully, this court will reverse the decision, send it back to the district court, and at that point in time, the government is free to make those arguments. The 30 years is still appropriate, and we'll be able to hopefully offer other evidence that it's not. But we should be allowed, based on the First Step Act, to do that. And I'll reserve the remainder of my time. Thank you. Ms. Mazzanti. May it please the court, my name is Stephanie Mazzanti, and I represent the United States in this matter. The district court in this case did not abuse its discretion in denying McDonald relief under the First Step Act because the district court had just resentenced him in 2016. I'm sorry, can you speak up just a little bit? Yes, Your Honor. The district court had just resentenced the defendant in 2016, and it considered the 3553A factors in imposing sentence in that case. Additionally, his sentence at the moment, the 360 months that he is serving, falls within the statutory range that is applicable at this time. Well, do you agree he was eligible? I agree that he was convicted of a covered offense, yes, Your Honor. So if we determine that the judge just made an eligibility decision, then we'd have to remand, right? If the court determines that the district court did not believe it had discretion under the First Step Act or that the First Step Act applied, then I think it would make sense to give the district court the opportunity to clarify its position, if there's some question about that in this court's mind. Well, I'm not sure, actually, I'm not even sure what the district court did, to be perfectly honest. I mean, you could read that very short thing as, you know what, not eligible. That may be the better reading. Not eligible, I don't have the authority. There's also just the, hey, I did this once before, you know, we sentenced you based on cocaine. You may well be eligible, but I'm not going to change your sentence. And if we're uncertain what the district court did, shouldn't we remand it to let the district court clarify what it wanted to do? And, again, I think if this court is uncertain about the district court's position on this, then that would be appropriate. I mean, are you sure what the district court did? Your Honor, my position is that the district court clarified its original order in the second order. The district court acknowledged that the defendant was convicted of a crack cocaine offense in the second order that it issued. And so the district court was well aware that Count 39 dealt with crack cocaine. But the district court simply pointed out, he didn't get sentenced to 360 because of crack cocaine. He got sentenced to 360 months because he was responsible for 150 kilograms of cocaine powder. That's a lot of cocaine powder. And the district court also considered the fact that the original sentencing judge in this case, Judge Reasoner, who actually sat through the trial of this matter, he said that the defendant deserved at least one life sentence because of the 3553A factors that the district court considered at the time of sentencing. The district court then saw Mr. McDonald after a number of filings over the years. The district court who decided the 2019 case had just seen him in a hearing in 2016. And so the government's position is that the court was very familiar with Mr. McDonald at that point. Based on the volume of filings, he probably qualifies as a serial filer. And the district court had seen him in person. The district court took on witness testimony in the 2016 hearing. The district court heard about his behavior in prison. The district court was very familiar with the underlying case, had read the transcripts of the prior proceedings, had read the PSR, and knew all about the defendant. Well, why didn't the court just say that? Even in the second order, all it talks about is powder cocaine. He's not eligible because he's got powder cocaine. And, Your Honor, I would agree. The court's order, if it had been more fleshed out, we would all be in a different position. Did you acknowledge to the court, did you tell the court he was eligible? Or is this where the government was clever by half and you argued eligibility? Your Honor, we actually were not asked to or given the opportunity to file anything with the district court. And so we did not make a filing in this case. The first time we had the opportunity to address the eligibility issue was in the appellate briefing, Your Honor, and here at argument today. And so, again, I would agree that he is eligible for relief on count 39 under the First Step Act because he was convicted of a covered offense. He had two ounces of crack cocaine in count 39. And so, you know, if we were talking about a conspiracy count or something like that, I would have a different position because, ultimately, I think he was responsible for far more than two ounces of crack cocaine. However, we're dealing simply with count 39. And so I have other cases pending before this court. I want to make clear I'm not conceding that if you're responsible for a larger quantity overall, that you're necessarily entitled to any sort of relief. But in this case, because we're dealing with a discrete distribution count that occurred on a single day based on two ounces solely, I would agree that this is a covered offense. One of the main reasons that I take issue with the appellant's position in this case is because the appellant drops a footnote in the opening brief indicating that the district court is required to conduct a sentencing hearing. And it's not clear to me precisely whether they're suggesting that plenary resentencing is required, but I would just strongly urge the court, if the court chooses to remain in this case, that it not take the appellant's suggestion that the district court not be ordered to conduct a hearing because it's not required to. There's nothing in the First Step Act that requires the district court to hold a hearing. There is nothing in the First Step Act that authorizes the court to conduct a plenary resentencing hearing. I would submit that the mechanism to analyze the First Step Act is under 18 U.S.C. 3582c1b. And so that's the framework that we're operating under. And because we're operating under 3582c1b, the Federal Rule of Criminal Procedure 43b4 applies, which does not require the defendant's presence at a hearing. There's nothing in the language of the First Step Act that requires the court to conduct a hearing, and especially considering the fact that the district court's not even required to give any relief. It's completely discretionary. There should be no order that the district court conduct a hearing in this case. The parties, as we have done in many other First Step Act cases that we have dealt with, the parties can submit briefing. If the district court opts to have a hearing, that is within the district court's discretion to have a hearing. I would suggest that a plenary resentencing is not authorized, though, because it is not expressly provided for by the statute, and that is what would be required under 18 U.S.C. 3582c1b. I want to make sure we're all on the same page definitionally. When you refer to a plenary rehearing, what I understand you to be saying is that you do not go in and recalculate the guidelines from base offense level, adjustments, acceptance, responsibility. You don't do that. You just take the guidelines as computed in the presentence report and as may have been adjusted by the Fair Sentencing Act, and then decide if you're going to resentence, right? Yes. Is that what you're saying? That is, Your Honor. I want to make sure we're both talking about the same thing when you talk plenary rehearing. Yes, Your Honor. My position is that the First Step Act only authorizes adjustments to the things that were covered by the Fair Sentencing Act, and so you're limited on whatever you're considering, as a district court should be limited in First Step Act cases to that discrete issue. There have been a number of challenges relating to career offender status and things of that nature. That's not at play in this case, so it's not as relevant in this case, but I don't want the district court to be ordered to conduct a hearing or plenary resentencing hearing because that could have implications on other cases where that is a bigger issue. Here, the defendant already got resentenced under the guidelines as they exist today, so the only difference being that now the defendant would be capped at 40 years as opposed to life. And so considering the district court already sentenced the defendant to 360 months, it's our position that the mandatory minimums didn't really come into play here in the district court's decision, and that's not something that's going to change the court's mind. My position is that if it's remanded to the district court, I suspect the district court will do the exact same thing that it previously did, especially considering the court's prior statements about the defendant's conduct under 3553A. I think it's important to note on the hearing issue that I'm unable to find any district court case in the country or any case in the country that says that a hearing is absolutely required. I think that there are cases where the district court opts to have hearings, and that's within the court's discretion. But I don't see any cases saying that a resentencing hearing is required. And so I would submit that if the court chooses to remand this case, that it would be inappropriate to direct that a hearing be held in this case and leave that to the discretion of the district court, whether the district court thinks that that's necessary to resolve this matter. And the parties would have the opportunity to brief that issue, whether the hearing was required or not. Thus far in our district, the court at Holmes, in particular, has written opinions about this and has suggested that because the First Step Act does not mandate any sort of relief, it doesn't make any sense to suggest that the court's required to hold a hearing in these First Step Act cases whenever it's discretionary with the court. And I think that makes a lot of logical sense in the matter. The appellant points to the use of the word impose as suggesting that a hearing is required because there's going to be an imposition of sentence. But I think it's important to note that the First Step Act talks about imposing a reduced sentence specifically. This is not a case where you're up for a full resentencing and the district court has the option of going higher or lower. The district court only has the authority here to reduce the sentence under the First Step Act. In the government's view, we've got to be careful. Suppose we decide to send it back to the district court. We've got to be careful probably about the language we use. And you just highlighted it, which is you would say something. You wouldn't say eligible for a reduced sentence, but you would say should the defendant receive a reduced sentence or decide whether the defendant should receive a reduced sentence under the First Step Act. Does that sort of comport with what you're understanding in your interaction with Judge Molloy said? Yes, Your Honor, and I had this discussion in my office, actually, that I refer to it as if you're convicted of a covered offense, technically you're eligible for relief. You're not entitled to relief, but the court can give it to you if it chooses to. And so that's how I read it, but I probably shouldn't have used the word eligible. I would suggest that the government would concede on remand if it were remanded that this is a covered offense, but the United States position would be that the currently imposed sentence should remain the same because I don't think there's anything that's really different between now and 2016, and I don't believe that the district court thought so either when it chose to deny Mr. McDonald relief in this case. But how do we know that? Because in 2016, the court went to the absolute minimum sentence it could impose. It couldn't go any lower than 360. And that's a fair point. That's something that the appellant raised in their reply briefing, and the court didn't have the discretion at that time. I would suggest that the court clarified its position again in the second order issued in this case, acknowledging that the defendant was convicted of a crack offense and had the authority to reduce the sentence, but it chose not to, and it was, again, familiar with Mr. McDonald's case. If there are no additional questions, Your Honor, I would only point to some of the factors that the court recognized. The 3053A factors that suggest that no reduction is appropriate in this case, I think those will be pointed out to the district court. The defendant was involved, again, with over 150 kilos of powder cocaine. And so I think combined with his very serious criminal history, the large scale of the drug trafficking operation in this case, as well as the fact that, you know, for instance, he pointed a gun at officers according to the pre-sentence report whenever they made contact with him. I think there's a number of reasons the court did not abuse its discretion in determining that a reduction was not appropriate in this case. And so while the district court did have the legal authority to reduce, it did not abuse its discretion in choosing not to do so. If there are no further questions, I'll surrender the balance of my time. Thank you. Ms. Peters, rebuttal. I start by saying that the reason the First Step Act came into fruition was because of an attempt to rectify unwarranted sentencing disparities. Those sentencing disparities involving people who were convicted of crack, cocaine, or cocaine-based offenses, excuse me, before August of 2010. I believe the government has conceded that my client, Mr. McDonnell, is eligible for consideration of a reduced sentence by the district court. All we are asking is to be given the chance and the opportunity to go back before the district court and argue the 3553A factors. This is 2019. 2016 was three years ago. We can also have an opportunity to present to the court what's occurred in the interim. 3553A factors as well as PEPR, post-sentencing conduct. I think that's all relevant. All we're asking for is the opportunity. If the court hears all that evidence and then still determines that Mr. McDonnell's 30-year sentence is appropriate, then we'll take it from there. But at this point, we're simply asking for the opportunity to present. Now, I do understand what the government is stating regarding plenary sentencing. When we initially filed this brief, it's continuing to evolve on that particular issue. If this court does not grant a plenary resentencing or order a plenary resentencing, it's in line with what a lot of the courts have done around the country. As the government stated, some courts have opted to have resentencings if they so choose, bringing in the defendant. Other courts have opted to have briefs written with all of the relevant information, and they make the decision on the merits of the brief. So all that I'm asking, whatever the court decides to do on that particular issue, is for us to be allowed the opportunity to present the merits of Mr. McDonnell's case. Are there any questions that the court has of me? Looks like we have none. Thank you. I will yield the remainder of my time. I appreciate the court.